## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CORINNA ARMSTRONG** | ) | CASE NO. |
| *on behalf of herself and all others* | ) | |
| *similarly situated,* | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| **LANDLORD LEASING, INC.** | ) | |
| c/o Dean M. Hunker | ) | |
| 5075 Oberlin Avenue | ) | |
| Unit B | ) | |
| Lorain, Ohio 44053 | ) | |
| | ) | |
| Defendant. | ) | |

---

## PLAINTIFF'S CLASS ACTION COMPLAINT
### (With Jury Demand)

---

Plaintiff Corinna Armstrong, by and through counsel, brings this action on behalf of herself and all others similarly situated against Defendant Landlord Leasing, Inc., and alleges as follows:

### <u>INTRODUCTION</u>

1.      Plaintiff brings this class action under Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(a), on behalf of herself and all others similarly situated to obtain monetary and other equitable relief from Defendant for engaging in acts and practices violating the FCRA.

2.      The FCRA prescribes the manner in which landlords may procure and use background checks, as well as the information that a Consumer Reporting Agency ("CRA") may include in a background check. The Congress intended the FCRA to promote fairness in consumer transactions and to safeguard privacy rights.

3.     There has been a dramatic increase in the use of background checks by employers, landlords, and insurers, due in part to an increase in the number of computerized records and a corresponding decrease in the cost of obtaining such records.

4.     Despite the increase in the use of background checks by landlords, the Federal Trade Commission and the Consumer Financial Protection Bureau have found rampant error rates in consumer reports. Identity theft, sloppy business practices, and other mistakes also contribute to inaccurate reports—errors that can cost individuals jobs, housing, and other financial opportunities.

5.     Despite this, Defendant has a practice of taking adverse actions without providing notice to individuals, in violation of the FCRA.

6.     Plaintiff brings this action to stop Defendant from its continued violations of the FCRA.

## PARTIES

7.     Plaintiff Corinna Armstrong is a natural person over the age of 18 and was at all relevant times an Ohio citizen and a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Defendant Landlord Leasing, Inc. is an Ohio corporation with its principal place of business in Lorain, Ohio.  Defendant Landlord Leasing, Inc. is and was at all relevant times a "person" as defined by 15 U.S.C. § 1681a(b).

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over this action pursuant to by 15 U.S.C. § 1681p and 29 U.S.C. § 1331. This Court has personal jurisdiction over Defendant because it conducts business in the State of Ohio and in this District and avails itself of the protections of the laws of the State of Ohio.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and because Defendants conduct business in this District.

## FACTUAL ALLEGATIONS
### Defendant's Obligations Under the FCRA

11.     The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date.

12.     Under the FCRA, 15 U.S.C. § 1681m, any person who uses an individual's consumer report and, based in whole or in part on the report, takes "adverse action" with respect to that individual, must send notices to the individual that include certain specified information and documents.

13.     The term "adverse action" is defined by Section 603(k) of the FCRA, 15 U.S.C. § 1681a(k), to include, *inter alia*, "an action taken or determination that is . . . made in connection with an application that was made by . . . any consumer" which is "adverse to the interests of the consumer."

14.     Pursuant to the FCRA, 15 U.S.C. § 1681m, the notice provided to the individual prior upon taking the adverse action must include, among other things, (1) notice of the adverse action; (2) a copy of the consumer's credit score; (3) the Summary of Consumer Rights Under the FCRA, 16 C.F.R. Part 698, Appendix F; and (4) the name, address, and telephone number of the consumer reporting agency that furnished the report.

15.     Any person that negligently fails to comply with those requirements is liable for actual damages, litigation costs, and attorneys' fees. 15 U.S.C. § 1681o. In addition, any person that willfully fails to comply is liable for statutory damages of at least $100 but not more than $1,000 to each consumer injured, and for punitive damages. 15 U.S.C. § 1681n.

### Defendant's Unlawful Business Practices

16.     In or around May 2016, Plaintiff filled out an application to lease a house from Defendant.

17.     As a part of the application process, Defendant performed a background investigation on Plaintiff, which included obtaining a background report ("consumer report") from

a credit reporting agency.

18.     Defendant did not contact Plaintiff after it obtained the consumer report.

19.     Defendant did not initially inform Plaintiff whether her lease application had been approved or denied.

20.     Defendant did not contact Plaintiff to inform her of the results of the investigation or the information contained within her consumer report.

21.     Upon information and belief, Defendant obtained Plaintiff's consumer report from MicroBilt, a consumer reporting agency.

22.     Only after Plaintiff's numerous phone calls to Defendant did Defendant inform Plaintiff that her application was denied because of information contained within her consumer report.

23.     Defendant's denial of Plaintiff's application constituted an "adverse action" within the meaning of Section 603(k) of the FCRA, 15 U.S.C. § 1681a(k).

24.     Despite Plaintiff's numerous requests, Defendant refused to provide Plaintiff with a copy of the consumer report.

25.     Despite Plaintiff's numerous requests, Defendant refused to provide Plaintiff with the name, address, and/or telephone number of the consumer reporting agency that furnished the background report to Defendant.

26.     Defendant otherwise failed to provide Plaintiff with the information it was required to provide Plaintiff as outlined in 15 U.S.C. § 1681m(a).

27.     Defendant's failure to provide Plaintiff with the information outlined above violated Section the FCRA, 15 U.S.C. § 1681m(a).

28.     At all times pertinent hereto, the conduct of Defendant, as well as its agents, servants, and/or employees was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and Plaintiff's rights.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and all other similarly situated consumers pursuant to Fed. R Civ. P. 23 and seeks certification of the following class:

> All natural persons within the United States who, during the five years preceding the filing of this action, were subject to an adverse action by Landlord Leasing, Inc. based in whole or in part on information contained in a consumer report, without receiving the notice and information required by 15 U.S.C. § 1681m(a).

30.     Plaintiff reserves the right to modify or amend the definitions of the proposed class.

31.     Members of the class are so numerous that joinder of all class members is impracticable.  The precise number of class members is unknown to Plaintiff and can only be obtained through discovery, however, the numbers are clearly more than can be consolidated in one complaint and impractical for each to bring suit individually. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains at least one hundred members.

32.     The individual class members are ascertainable as the names and addresses of all class members can be identified from the business records maintained by Defendant. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

33.     Common questions of law and fact exist as to all members of the class that predominate over questions affecting only individual class members.  The common legal and factual questions include, but are not limited to, the following:

a.  Whether Defendant violated 15 U.S.C. § 1681m(a) by failing to provide consumers with the required adverse action notices;

    b.   whether those violations were negligent, intentional, or willful;

    c.   whether Plaintiff and members of the class have been injured and the proper measure of their losses as a result of those injuries; and

    d.   whether Plaintiff and members of the class are entitled to other appropriate remedies, including injunctive, declaratory or other equitable relief.

34.    Plaintiff's claims are typical of the claims of the members of the class because of the similarity, uniformity, and common purpose of Defendant's conduct. Each class member has sustained, and will continue to sustain injuries in the same manner as a result of Defendant's conduct. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the class. Plaintiff is advancing the same theory of calculating damages on behalf of herself and all members of the class.

35.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent. Plaintiff has retained counsel competent and experienced in both consumer protection and class litigation.

36.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court, affords due process to Defendant, and presents no unusual management difficulties under the circumstances here.

37.     The class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the class as a whole.

38.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's failure to provide her the required adverse action notice was not an isolated occurrence, but was the direct result of Defendant's customary business practices. On information and belief, as a matter of nation-wide policy and practice, Defendant regularly fails to provide consumers with the required adverse action notices as required by the FCRA.

39.     Defendant's practices and procedures described herein affected and continue to affect Plaintiff and other consumers.

40.     There is a significant community of interest among the Class members, as there are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.

41.     The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681m**
**(on behalf of Plaintiff and the Class)**

42.     Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

43.     Defendant procured consumer reports containing information about Plaintiff and the Class from a consumer reporting agency.

- 7 -

44.     Defendant took adverse actions against Plaintiff and the Class based in whole or in part on the information contained within those consumer reports.

45.     Defendant failed to provide Plaintiff and the Class with notice of the adverse action; their numerical credit scores; the name, address, and telephone number of the credit reporting agency; or any other information contained within 15 U.S.C. § 1681m(a) after taking those adverse actions.

46.     As a result of Defendant's actions, Plaintiff and the members of the Class have been deprived of their consumer rights and have been prevented from timely and effectively contesting the adverse action.

47.     Defendant's failure to timely provide these required notices to Plaintiff and other members of the Class violated 15 U.S.C. § 1681m.

48.     Defendant's violation of the FCRA was willful within the meaning of 15 U.S.C. § 1681n.  Defendant is therefore liable to Plaintiff and the Class for statutory and punitive damages, litigation costs, and attorneys' fees incurred in the prosecution of this action.

49.     In the alternative, Defendant was negligent, entitling Plaintiff individually to recover her actual damages, litigation costs and attorneys' fees under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all similarly situated individuals demand judgment against Defendants as follows:

1.     Declaring this action to be a proper class action maintainable pursuant to Fed. R. Civ. P. 23 and declaring Plaintiff and her counsel to be representatives of the Class;

2.     Statutory damages in an amount not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

3.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

- 8 -

4.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5.      Declaring that Defendant's conduct violates the FCRA and enjoining such future violations;

6.      Such other and further relief as may be just and proper.

Plaintiff also seeks judgment in favor of herself individually for the following:

7.      Plaintiff's actual damages, in an amount to be determined by the jury at trial.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

/s/ Joshua B. Fuchs
Jason R. Bristol (0072989)
jbristol@crklaw.com
Joshua B. Fuchs (0087066)
jfuchs@crklaw.com
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
216-781-7956 [Telephone]
216-781-8061 [Facsimile]

Counsel for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Joshua B. Fuchs
One of the Attorneys for Plaintiff